Learned, P. J
The complaint avers plaintiff’s ownership of a house and lot of land, describing it, on Ravine street; the grading by the defendant of Ravine street in an illegal manner and without authority of law; the building of a wall and embankment by defendant in front of plaintiff’s house, rendering access difficult; the construction of such wall and embankment negligently so as to cause water to run on the plaintiff’s premises; the gathering by defendant illegally of large quantities of water and causing them to flow down Ravine street, without finding means to carry them off, and thus the pouring the same on plaintiff’s premises.
On the trial the plaintiff was non-suited at the close of the evidence, and she appeals.
She obtained title in 1868, and a house was built soon afterwards on the lot, with a cellar under the sidewalk, as it was then covered by flagstones, and extending some seven feet into Ravine street.
In 1879 an ordinance was passed establishing the grade of Ravine street. It is not claimed that this was not legally passed. In 1883 an ordinance was passed for the grading of Ravine street, according to the grade thus established and requiring the construction of sidewalks. *780 The contract was awarded the same year. The grade was modified the same year, and subsequently, about August, 1883, the work was reported as completed, and an assessment was laid to pay the same.
The plaintiff gave evidence tending to show that since the grading of the street water had come into her house and had injured it, and that this had never happened before the grading. She claimed to show that the fining-in of the street opposite her premises was of loose stone and fragments of rock, and that the water percolated through and thus entered her house.
In Urquhart v. Ogdensburgh (91 N. Y., 67), it is said that the duty resting on a municipal corporation to make improvements, such as streets, sewers, etc., is quasi judicial or discretionary. And that this rule is applicable as well to work done as to a design proposed. The approval of the plan when completed is as much a judicial act as the design of it. The court further said in that case that it must be assumed that such discretion was also exercised in carrying out the plan in laying down the and constructing the new walk; which was a walk made without any authority (so far as appeared) from the city.
Now it appears in the present case that the sewers, the course of the street, the grade, etc., were all parts of the plan adopted by the common council.
This same doctrine has been upheld in cases quite analogous to the present. Watson v. Mayor, etc., 1 Den., 595; Radcliff's Ex'rs v. Mayor, etc., 4 N. Y., 195; Mills v. Brooklyn, 32 id., 489; Lynch v. Mayor, 76 id., 60.
Without going over these cases in detail, we may refer to the last of them, especially as one which sustains the doctrine of the court below in this case.
In Urquhart v. Ogdensburgh (97 N. Y., 238) four judges of the court of appeals criticise the language used in the former opinion, and perhaps lay down a different rule from that asserted when that case was in that court before. But the difference refers to the effect of changes made in the sidewalk by owners, without the express authority of the common council; and therefore leaves the general doctrine undisturbed.
There is a class of cases such as Byrnes v. Cohoes (67 N. Y., 204) and Noonan v. Albany (79 N. Y., 470), in which a city has been held liable for collecting the waters from an area and by means of some conduit or sewer, turning them upon lands of the plaintiff, where they would not have gone by the natural slope of the land. It does not seem to us that the facts in the present case bring it within the very clear and well defined doctrine of those cases.
In Seifert v. Brooklyn (101 N. Y., 136), the court of ap *781 peals have somewhat qualified the doctrine that the city is not hable for the exercise of its judicial or discretionary power. They say that where the exercise of such power results in a direct and physical injury to property of an individual, which from its nature is hable to be repeated and continuous, but which is remediable by a change of plan, the corporation is liable for such damages as occur in consequence of the continuance of the original cause, after notice and an omission to adopt measures to remedy the evil. In the present case, however, it does not appear that there was notice to the city, and an omission by the city to adopt measures to remedy the evil.
In the case last cited a sewer had been constructed, within a short time after its construction, actual use demonstrated that it had not sufficient capacity to cony off the accumulations of water and matter turned into it; and the sewage was forced through the man holes and inundated the district where plaintiff resided, injurying his property. Afterwards lateral sewers were constructed emptying into this main sewer, and increasing the water which went into it, thus increasing the defects of the original plan.
It appears in the present case, that the gutter along the street by plaintiff’s house was laid, not by the city, but by plaintiff’s husband, and was laid with cobblestones; and there is some evidence that the cobblestones were not well laid. And plaintiff’s husband at one part of his testimony, after stating that they had cobblestones for gutter stone, adds “ that is where the whole detriment is.”
The plaintiff urges on the argument, that the roadway was filled with broken stones and fragments of stone, and that it was the percolation of water through these stones and fragments which caused the injury. We cannot think that the filling in the roadway with fragments of stone, instead of using clay or some such material, would give a cause of action to plaintiff. Water will percolate through sand, through gravel and through nearly every kind of filling, unless it be very compact clay. Yet we do not think a city is bound to use impervious material for filling in its streets.
We cannot repeat in any detail all the evidence given in this case, which is quite voluminous. But after examining it in the light of the decisions which we have cited, we are brought to the conclusion that the learned justice was correct in non-suiting the plaintiff. And we think it cannot be of any use to comment at length on the testimony. That plaintiff’s house has been injured, is not seemingly disputed. And it is evident that the situation of the house and of its sidewalk were such that it was not easy to grade the street without some inconvenience to the plaintiff. As the lot was lower than the grade, there would be a tendency for *782 water to soak through the earth, and thus to reach the house. But upon the whole we do not think that the action of the defendant was such as to render it liable in this action.
Judgment affirmed, with costs.