DETERMINED IN THE

# THIRD DEPARTMENT,

AT

# GENERAL TERM,

## February, 1887.

---

## ESTHER WATSON, Appellant, v. THE CITY OF KINGSTON, Respondent.

*Right of a city to establish the grade of streets — it is not liable to an adjoining property owner damaged thereby — nor is it obliged to use for filling the road-way a material impervious to water.*

This action was brought by the plaintiff, the owner of a lot on Ravine street, in the city of Kingston, to recover damages alleged to have been occasioned by the act of the defendant in illegally changing the grade of Ravine street so as to cause large quantities of water to flow upon the plaintiff's lot. It appeared upon the trial that the plaintiff, after obtaining title to the lot, built a house upon it, with a cellar under the sidewalk, as it then was, which was covered by flagstones; that thereafter an ordinance was duly passed establishing the grade of the said street, and that subsequent thereto the said street was graded in accordance therewith, and an assessment for the cost of the work was laid and completed. The plaintiff gave evidence tending to show that since the grading of the street water had come into her house and injured it, and that this had never happened before the grading.

*Held,* that an order dismissing the complaint should be affirmed upon the authority of *Urquhart* v. *Ogdensburg* (91 N. Y., 67); *Lynch* v. *Mayor* (76 id., 60).

*Urquhart* v. *Ogdensburgh* (97 id., 238); *Byrnes* v. *Cohoes* (67 id., 204); *Noonan* v. *City of Albany* (79 id., 470); *Seifert* v. *Brooklyn* (101 id., 136) distinguished.

The plaintiff claimed that the road-way was filled with broken stones and fragments of stones, and that it was the percolation of water through these stones and fragments which caused the injury.

*Held,* that the fact that fragments of stone instead of clay, or some such material, was used did not make the city liable for the damages sustained.

That the city was not bound to use impervious material for filling in its streets,

APPEAL from a judgment in favor of the plaintiff, entered upon an order dismissing the complaint, made at the Ulster Circuit.

*S. L. Stebbins*, for the appellant.

*John J. Linson*, for the respondent.

LEARNED, P. J.:

The complaint avers plaintiff's ownership of a house and lot of land, describing it, on Ravine street; the grading by the defendant of Ravine street in an illegal manner and without authority of law; the building of a wall and embankment by defendant in front of plaintiff's house, rendering access difficult; the construction of such wall and embankment negligently, so as to cause water to run on plaintiff's premises; the gathering by defendant illegally of large quantities of water and causing them to flow down Ravine street, without finding means to carry them off, and thus the pouring the same on plaintiff's premises.

On the trial the plaintiff was nonsuited at the close of the evidence, and she appeals. She obtained title in 1868, and a house was built soon afterwards on the lot, with a cellar under the sidewalk, as it was then, covered by flagstones, and extending some seven feet into Ravine street. In 1879 an ordinance was passed establishing the grade of Ravine street. It is not claimed that this was not legally passed. In 1883 an ordinance was passed for the grading of Ravine street according to the grade thus established, and requiring the construction of sidewalks. The contract was awarded the same year. The grade was modified the same year, and subsequently, about August, 1883, the work was reported as complete, and an assessment was laid to pay the same. The plaintiff gave evidence tending to show that since the grading of the street water had come into her house and had injured it, and that this had never happened before the grading. She claimed to show that the filling in of the street opposite her premises was of loose stone and fragments of rock, and that the water percolated through and thus entered her house.

In *Urquhart* v. *Ogdensburg* (91 N. Y., 67) it is said that the duty resting on a municipal corporation to make improvements, such as streets, sewers, etc., is *quasi* judicial or discretionary, and

that this rule is applicable as well to work done as to a design proposed. The approval of the plan when completed is as much a judicial act as the design of it. The court further said in that case that it must be assumed that such discretion was also exercised in carrying out the plan in laying down and constructing the new walk, which was a walk made without any authority (so far as appeared) from the city. Now it appears in the present case that the sewers, the course of the street, the grade, etc., were all parts of the plan adopted by the common council.

This same doctrine has been upheld in cases quite analogous to the present. (*Wilson* v. *Mayor, etc.*, 1 Den., 595; *Radcliff's Ex'r's* v. *Mayor, etc.*, 4 N. Y., 195; *Mills* v. *Brooklyn*, 32 id., 489; *Lynch* v. *Mayor*, 76 id., 60.) Without going over these cases in detail we may refer to the last of them, especially, as one which sustains the doctrine of the court below in this case.

In *Urquhart* v. *Ogdensburg* (97 N. Y., 238), four judges of the Court of Appeals criticise the language used in the former opinion and, perhaps, lay down a different rule from that asserted when that case was in that court before. But the difference refers to the effect of changes made in the sidewalk by owners without the express authority of the common council, and, therefore, leaves the general doctrine undisturbed.

There is a class of cases, such as *Byrnes* v. *Cohoes* (67 N. Y., 204) and *Noonan* v. *Albany* (79 id., 470), in which a city has been held liable for collecting the waters from an area and by means of some conduit or sewer turning them upon lands of the plaintiff where they would not have gone by the natural slope of the land. It does not seem to us that the facts in the present case bring it within the very clear and well defined doctrine of those cases.

In *Seifert* v. *Brooklyn* (101 N. Y., 136), the Court of Appeals have somewhat qualified the doctrine that the city is not liable for the exercise of its judicial or discretionary power. They say that where the exercise of such power results in a direct and physical injury to property of an individual, which from its nature is liable to be repeated and continuous, but which is remedial by a change of plan, the corporation is liable for such damages as occur in consequence of the continuance of the original cause, *after notice and an omission to adopt measures to remedy the evil.* In the present case,

however, it does not appear that there was notice to the city and an omission by the city to adopt measures to remedy the evil.

In the case last cited a sewer had been constructed; within a short time after its construction actual use demonstrated that it had not sufficient capacity to carry off the accumulations of water and matter turned into it; and the sewage was forced through the man-holes and inundated the district where plaintiff resided, injuring his property. Afterwards lateral sewers were constructed, emptying into this main sewer and increasing the water which went into it, thus making the defects of the original plan still greater.

It appears, in the present case, that the gutter along the street by plaintiff's house was laid, not by the city but by plaintiff's husband, and was laid with cobble-stones; and there is some evidence that the cobble-stones were not well laid. And plaintiff's husband, at one part of his testimony, after stating that they had cobble-stone for gutter-stone, adds, " that is where the whole detriment is."

The plaintiff urges on the argument that the road-way was filled with broken stones and fragments of stones, and that it was the percolation of water through these stones and fragments which caused the injury. We cannot think that the filling in the road-way with fragments of stone, instead of using clay or some such material, would give a cause of action to plaintiff. Water will percolate through sand, through gravel, and through nearly every kind of filling, unless it be very compact clay, yet we do not think a city is bound to use impervious material for filling in its streets.

We cannot repeat, in any detail, all the evidence given in this case, which is quite voluminous. But after examining it, in the light of the decisions which we have cited, we are brought to the conclusion that the learned justice was correct in nonsuiting the plaintiff, and we think it cannot be of any use to comment at length on the testimony. That plaintiff's house has been injured is seemingly not disputed; and it is evident that the situation of the house and of its sidewalk were such that it was not easy to grade the street without some inconvenience to the plaintiff. As the lot was lower than the grade there would be a tendency for water to soak through the earth and thus to reach the house. But, upon the whole, we do

not think that the action of the defendant was such as to render it liable in this action.

The judgment should be affirmed, with costs.

LANDON, J. :

I concur. I think *Radcliff's Executors* v. *Mayor* (4 N. Y., 195) covers this case. The damage the plaintiff sustained was because of the difference in grade between the street and her lot, and that difference did not suffice to charge the defendant with negligence because of the use of ordinary material.

Judgment affirmed, with costs.