BETTS v. VILLAGE OF GLOVERSVILLE.

(*Supreme Court, General Term, Third Department.* February 4, 1890.)

1. MUNICIPAL CORPORATIONS—DEFECTIVE STREETS—GRADE OF CROSS-WALK.

Where a sidewalk, road-way, and gutter in a village are constructed according to grades adopted by its board of trustees, and a cross-walk is laid by the street commissioner to match the rest of the work, without instructions as to its grade, except as implied by the grades of the other portions of the work, negligence is not imputable to the village because of failure more definitely to establish the grade of the cross-walk, or by reason of any error in judgment in establishing the grade.

2. SAME—EVIDENCE.

In an action against the village to recover for injuries received by falling on such cross-walk, plaintiff called the village clerk to show that there was no record of any action respecting the laying of the cross-walk. *Held,* that it was competent for defendant to show, by cross-examination of the witness, that there was a bill furnished to the trustees for the laying of a flag-stone covering the gutter and forming that part of the cross-walk on which plaintiff fell, and that the same was audited and ordered paid, the testimony tending to show that the laying of the cross-walk was approved by the board.

3. SAME—ICY STREETS—SUDDEN COLD.

It appeared in such action that snow and rain fell on Tuesday, followed by extremely cold weather, continuing until plaintiff was injured, on Friday night. *Held,* that defendant was not negligent in awaiting a thaw before cleaning the ice from the sidewalks.

4. EVIDENCE—DECLARATIONS OF AGENT—PROOF OF AUTHORITY.

The declarations of the street commissioner, while engaged in laying such stone, to the effect that he was laying it according to his own discretion, and that he had no particular directions as to the manner of laying it, are inadmissible as going to the authority of the commissioner.

5. SAME—INFERENCE FROM FACTS.

Testimony that the stone in question was "dangerous," and that it was "always slippery in winter," is properly excluded as mere inferences from the facts.

Appeal from circuit court, Fulton county.

An action by Jonathan A. Betts against the village of Gloversville. On the night of February 13, 1885, in the village of Gloversville, the plaintiff slipped, fell, and broke his leg upon an icy cross-walk, at the north-west corner of Fulton and Main streets, at their intersection. Snow and rain had fallen on Tuesday, followed by cold weather, the thermometer being about at zero, and continuing until the time of the accident, on Friday night. A film of ice covered the cross-walk and the other walks and streets of the village, except in a few places where it had been removed. Negligence is charged both with respect to the icy walk and its grade. The testimony tended to show that both causes contributed to the plaintiff's fall. The intersecting streets were paved with wooden blocks, with cobble-stone gutters on either side, three or four feet wide, the face of the curb-stone being exposed about 20 inches above the bottom of the gutter. The center of the street was from six to eight inches lower than the top of the curb-stone. A flag-stone, three feet wide, and covering the gutter, led from the sidewalk and formed that part of the stone cross-walk upon which the plaintiff fell. The surface of this stone matched evenly with the surface of the sidewalk and with the surface of the block pavement, and with the surface of the rest of the cross-walk. This stone, however, broke the uniformity of the grade, and descended from the curb-stone at a fall of six inches in three feet. The sidewalk, road-way, and gutter were constructed according to the plans and grades adopted by the board of trustees. They were finished before the cross-walk was laid. The street commissioner laid the cross-walk without instructions from the board of trustees as to its grade, except as implied from the grades of the other portions of the work. The street commissioner, under the charter, has general control of the streets, subject to the direction of the board of trustees. The cross-walk was laid in 1883. The block pavement and sidewalk had been laid a short time before. Before the block pavement was laid, the cross-walk

was of plank, and the descent from the sidewalk into the street was less abrupt. The court nonsuited the plaintiff, holding that the defendant was not shown to be negligent. Judgment for defendant. Plaintiff appeals.

Argued before LEARNED, P. J., and FISH and PUTNAM, JJ.

*A. J. Nellis*, for appellant. *C. M. Parke*, for respondent.

LANDON, J. 1. As to the grade of the cross-walk. The sidewalk, curbstones, gutter, and road-way were first made according to the grades and plans of the board of trustees. The grade of the cross-walk was not the subject of specific instructions by the trustees, but it was laid by the street commissioner, who has the control of the streets, subject to their direction, and was laid to match the rest of the work. We may assume that the other parts of the work involved this part, and implied the direction that the cross-walk should conform to the other parts. In *Urquhart* v. *Ogdensburgh*, 97 N. Y. 242, the grade of the sidewalk, as established by the proper authorities, was changed for the worse by the lot owner, without authority, and the city's acquiescence in it, with notice of the injurious change, was held to be negligence, and not ratification. Here the work was done by the proper officer, who is to be presumed to have done his duty, and is shown to have worked from grades so definitely established as to make it unnecessary further to instruct him with respect to the grades in question. We do not think negligence is imputable to the defendant because of failure more definitely to establish the grade, If there was any error in judgment in establishing the grade, such error is not negligence. Id. 91 N. Y. 67.

2. As to the film of ice upon the curbstone. Snow and rain fell on Tuesday, followed by extremely cold weather, continuing until the plaintiff was injured, on Friday night. This film of ice covered the streets of the village. *Taylor* v. *Yonkers*, 105 N. Y. 202, 206, 11 N. E. Rep. 642, holds that in such case the municipality may, without negligence, await a thaw.

3. As to exceptions to rulings upon the admissibility of evidence. The plaintiff called the village clerk to show from the records that there was no record of any action respecting the laying of the cross-walk. Upon cross-examination the defendant asked him whether there was a bill furnished to the trustees for the stone and the laying of it. The witness answered that there was, and produced the bill, and read from the record that the same was audited and ordered paid by the board of trustees. This testimony was objected to as irrelevant and immaterial, and the objection overruled. This was not error. The testimony was a step towards showing that the laying of the cross-walk was approved by the board.

The plaintiff offered to show by a witness that the street commissioner, while engaged in laying the stone in question, said to him that he was laying it according to his own discretion, and that he had no particular direction as to the manner of laying it. The defendant objected as incompetent and hearsay, and the objection was sustained. This was not error. The declaration offered goes to his authority. An agent cannot prove his authority by asserting it, or conversely disprove it by disclaiming it. If he had none, his declaration could not bind his principal, and if he had authority, his disclaimer did not deprive him of it. No question of estoppel arises, and hence the rule that the declaration of an actual agent as to the extent of his authority may be binding in favor of a third person, who relies upon it, in the absence of any other means of knowledge, does not apply. The declaration was not part of the *res gestæ*, because it did not touch the act of laying the cross-walk, but the authority for laying it, which, if conferred, was a past transaction.

The same witness testified, under defendant's objection, that at the time of the accident the stone in question was slippery, was always slippery in the winter, and was dangerous. The court, on motion of defendant, then struck out this testimony, except that the stone was slippery at the time of the acci-

dent.   That the stone was dangerous was an inference from the facts, and was properly stricken out; that it was always slippery in the winter was a loose generalization, and obviously a like inference.   The plaintiff was permitted to give the particular facts respecting its antecedent condition, and was not prejudiced by this ruling.   Judgment affirmed, with costs.   All concur.