CATHERINE ROACH, as Administratrix, etc., of THOMAS H. ROACH, Deceased, Respondent, *v.* THE CITY OF OGDENSBURG,. Appellant.

*Damages resulting from the death of plaintiff's intestate — judge's charge — liability for a failure to repair and for the defective plan of construction of a sidewalk.*

Upon the trial of an action, brought to recover damages resulting from the death of the plaintiff's intestate, the evidence was such that the jury could have found that the defect in the sidewalk of the street which caused the death of the plaintiff's intestate existed in consequence of the neglect of the defendant's officers to make proper repairs thereon, or that the accident to the deceased was caused by the error or mistake of the common council of the defendant in the plan of the construction of the sidewalk.

*Held,* that it was error for the trial court to decline to instruct the jury that, if they should find that the death of the plaintiff's intestate was owing to the latter cause, the plaintiff could not recover.

A city is not liable for damages resulting from an accident which occurs by reason of a defect in the plan of construction of a sidewalk adopted by it.

APPEAL by the defendant, The City of Ogdensburg, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of St. Lawrence on the 8th day of May, 1893, upon the verdict of a jury, rendered after a trial at the St. Lawrence Circuit, and also from an order entered in said clerk's office on the 3d day of May, 1893, denying the defendant's motion for a new trial made upon the minutes.

*Louis Hasbrouck, Charles A. Kellogg* and *Thomas Spratt,* for the appellant.

*Malby & Lucey,* for the respondent.

PUTNAM, J.:

The evidence produced by the parties on the trial was such that the jury could have found that the defect in the street which caused the death of plaintiff's intestate existed in consequence of the neglect of defendant's officers to make proper repairs thereon, or that the accident to the deceased, which occurred at the crosswalk on Ford and State streets, in the city of Ogdensburg, was caused by the error or mistake of the common council of the defendant in the plan of the work.

Such being the case, we think the trial court erred in declining to instruct the jury that if they should find that the death of Roach was owing to the latter cause, the plaintiff could not recover; and in charging as follows: "It is claimed by the defendant in this action that that crosswalk was so constructed under a resolution of the common council of the city of Ogdensburg, and that it having been so constructed, if they made a mistake in the plan, the city is not liable for it. A mistake in the plan of the work, of itself, would be no defense to this action; but if it was simply a mistake of judgment on their part, and they had adopted one of two plans, either one of which at the time they adopted it would seem to a reasonably careful, prudent man to be a proper plan to be used under the circumstances under which it was used, and it afterwards turned out that they had made a mistake of judgment on their part, and that they had not adopted the best plan, they would not be liable. That would simply be an error of judgment. If they exercised their judgment as a reasonably careful and prudent man, charged with the

duty of maintaining safe highways, would ordinarily do under the circumstances, the city cannot be made liable if it turns out afterwards that, although they had exercised their best judgment, they had not adopted the best plan. They are only bound to use such judgment as a reasonably prudent and careful man would exercise under the circumstances. * * * If they adopted a plan that was obviously dangerous, and that any man of ordinary prudence ought to know was dangerous, then the city is liable, though it was adopted by resolution of the common council. * *. * If it was a dangerous place, and one which any man of ordinary prudence in charge of a street, or who looks at it, would pronounce dangerous, it makes no difference how it got there. If it was there, and they had notice of it, that is sufficient, and the city would be chargeable with negligence in maintaining it there."

The effect of this charge was to instruct the jury that the corporation was liable for the accident that caused the death of plaintiff's intestate, although occurring by reason of the defect of the plan of the crosswalk adopted by the common council of defendant, if such plan was not one that should be adopted by reasonably prudent and careful men. In other words, the court submitted to the jury the question as to the propriety of the plan of the crosswalk made by defendant. It instructed them, not as held in the authorities, that the city was not liable for the accident that caused the death of Roach if it occurred by reason of a defect in the plan of the sidewalk adopted by the city; but that it was not liable if such death was caused by a defect in the crosswalk *and the plan thereof adopted by the common council was such as reasonable and careful men would approve.* If this instruction to the jury by the trial court was correct, it is obvious that, in every similar case against a municipal corporation, it would be proper to submit to the jury *the propriety* of the plan adopted by its common council. In every case where there was a defective plan the jury could determine that it was one which reasonably careful and prudent men would not adopt.

We think the authorities do not sustain such a doctrine. In *Urquhart* v. *The City of Ogdensburg* (91 N. Y. 67) it appeared that the accident which caused the injury to plaintiff, for which the action was brought, was owing to a defect in the plan adopted by the city in laying the sidewalk. The Court of Appeals held that the

trial judge erred in refusing to charge that the defendant cannot be held liable for any fault in the plan of the work, and hence was not liable for the steepness of the slope or incline from the platform to the curbstone. The Court of Appeals also held that the trial judge erred in denying defendant's motion for a nonsuit. The plan adopted in the case cited appeared to be dangerous; but, instead of determining that it should have been submitted to the jury to find whether it was such a plan as a reasonable and careful person should adopt, the Court of Appeals held that the dangerous slope in the street, which caused the injury, appearing to have been made pursuant to the plan of defendant's common council, a nonsuit should have been granted.

I am not aware that the case above cited has been doubted or overruled. (See *Urquhart* v. *City of Ogdensburg*, 97 N. Y. 238; *Garratt* v. *Trustees of the Village of Canandaigua*, 135 id. 436, 442, 443; *Betts* v. *The Village of Gloversville*, 8 N. Y. Supp. 795.)

The correct doctrine applicable to this case is ably stated in *Carr et al.* v. *The Northern Liberties* (35 Penn. St. 324–329), when the question of the liability of a municipal corporation for an injury resulting from a defective plan adopted by its common council was under consideration, as follows : " Municipal corporations have often been held liable for carelessness in the exercise of their functions; but if we undertake to correct the evil in such a case as this, on the ground of carelessness, we see not how to escape from the necessity of submitting the propriety of all acts of grading and draining in our towns, to the decision of juries; for even discretionary acts may be charged to have been ignorantly or carelessly resolved upon. Any street may be complained of as being too steep or too level; gutters as being too deep or too shallow, or as being pitched in a wrong direction; and there may be evidence that these things were carelessly resolved upon, and then a tribunal that is foreign to the municipal system will be allowed to intervene and control the town officers. And the end is not yet; for if a regulation be altered to suit the views of one jury, the alteration may give rise to another case, in which the new regulation will be likewise condemned. This theory is so vicious that it cannot possibly be admitted."

The above case was cited with approval and the same doctrine

stated by COOLEY, Ch. J., in *Detroit* v. *Beckman* (34 Mich. 125–128), and the last-named case was followed by the same judge in *Lansing* v. *Toolan* (37 Mich. 152), referred to and followed in *Urquhart* v. *City of Ogdensburg* (91 N. Y. 71).

For the reasons above stated, we conclude that the judgment should be reversed and a new trial granted, costs to abide the event.

MAYHAM, P. J., concurred ; HERRICK, J., concurred in the result.

Judgment reversed and new trial ordered, costs to abide the event.