## City of Lansing v. Michael Toolan.

### Municipal Negligence.

Damages for negligence cannot be recovered against a municipal corporation for an injury resulting from the *plan* of a public work, as distinguished from its mode of execution. So *held* where the injured party had fallen into a ditch which was dug across a highway, but was not covered to the full width of the road.

The determination of the plan of a public work is in the nature of legislative action, the lawful exercise of which can neither be a wrong, nor be transferred to courts and juries from the body to which it belongs.

Negligence may be predicated of the construction and subsequent management of a public work, but not of its plan.

Error to Ingham. Submitted June 13. Decided June 20.

TRESPASS ON THE CASE against a municipal corporation for damages from negligence. Plaintiff below obtained judgment on a verdict, and defendant brought up the case on bill of exceptions.

*M. V. & R. A. Montgomery* for plaintiff in error.

*Wm. W. Osborn*, for defendant in error.

COOLEY, C. J.  Toolan brought suit against the City of Lansing to recover damages for an injury received by him from falling into a ditch which he alleges was cut by authority of the city across one of its streets and negligently left uncovered and unguarded.  The facts appear to have been that one Van Keuren was employed by the city to build a wing to one of the bridges over Grand River, and that in the prosecution of that work he found it necessary to cut the ditch in question across a street near it, to keep the water after a heavy rain fall from rushing against and destroying his unfinished wall.  This he did on his own responsibility, covering it with plank to the width of sixteen feet.  While it remained in this condition, Toolan, in turning off the street when passing along one evening, fell in the ditch and was injured.  There were questions of his negligence on the trial below, which are immaterial here. The city afterwards paid Van Keuren for his work, and allowed the ditch to remain for a sewer.  The case was put to the jury as one of negligence, and plaintiff recovered.

It is claimed in support of the judgment that the city has accepted and ratified the act of Van Keuren in cutting the ditch and partially covering it, and is therefore liable on the principles laid down in *Detroit v. Corey*, 9 Mich., 165.  It was on this ground that the plaintiff recovered below.

When the case was tried in the circuit court the case of *Detroit v. Beckman*, 34 Mich., 125, was not reported.  If it had been, the circuit judge would probably have instructed the jury differently.  It was there decided that the city could not be held liable to one who had fallen into an open sewer and received an injury thereby, where the only ground of complaint was that the city had not covered the sewer, where it crossed a street, to the extent which due and proper care required.  If the city in this case had instructed Van Keuren to make and cover the ditch or sewer as he

did, the facts would have resembled very closely those in the Beckman case, and the two could not have been distinguished in principle. The point of the decision was that a lawful exercise of legislative action cannot be a wrong; and as the determination of the plan of a public work is in the nature of legislative action, there must be something besides the proper execution of the plan,—some negligence in its execution or some other distinct wrong,—before the municipality constructing the work could be held responsible as for a tort.

Now had Van Keuren been employed by the city to cut the ditch for a sewer and cover it for the passage of teams as he did, putting it precisely in the condition in which it was when Toolan was injured, the city, under the decision in Beckman's case, could not have been held liable as for negligence in not providing for covering it further. In planning a public work a municipal corporation must determine for itself to what extent it will guard against possible accidents. Courts and juries are not to say it shall be punished in damages for not giving to the public more complete protection; for as was shown in *Beckman's* case, that would be to take the administration of municipal affairs out of the hands to which it has been entrusted by law. What the public have the right to require of them is, that in the construction of their works after the plans are fixed upon, and in their management afterwards, due care shall be observed; but negligence is not to be predicated of the plan itself.

This disposes of the present case. If we assume the original responsibility of the city for Van Keuren's act, then the only fault in the case was in not providing further covering for the ditch or sewer. But that goes to the plan only; it has nothing to do with the execution of the plan, which indeed is not complained of.

The judgment must be reversed with costs and a new trial ordered.

The other Justices concurred.