ELLEN URQUHART, Respondent, v. THE CITY OF OGDENSBURG, Appellant.

Where power is conferred upon a municipal corporation to make local improvements, its exercise is *quasi* judicial or discretionary, and for a failure to act or an erroneous estimate of the public needs, a civil action cannot be maintained against it.

Where, therefore, an accident was alleged to have been occasioned by an alleged defect in the plan upon which a sidewalk was constructed, *i. e.*, that the slope was too great, *held*, that the municipal corporation was not liable; also, that the fact that the corporation did not, prior to the construction of the sidewalk, expressly adopt the plan upon which it was constructed did not impose such liability; that the approval of the plan when completed was as much a judicial act as the design of it.

*Clemence* v. *City of Auburn* (66 N. Y. 334), distinguished.

(Argued December 6, 1882; decided January 16, 1883.)

APPEAL from judgment of the General Term of the Supreme Court, in the third judicial department, entered upon an order made September 20, 1881, which affirmed a judgment in favor of plaintiff, entered upon a verdict.

The nature of the action and the material facts are stated in the opinion.

*Edward C. James* for appellant. A municipality is not liable in a private action for an omission to exercise discretionary functions for the benefit of the public at large. (2 Dillon on Mun. Corp., § 753, note 1; Wharton on Negligence, § 260; *Hines* v. *City of Lockport*, 50 N. Y. 236; *Mills* v. *City of Brooklyn*, 32 id. 489; *Lynch* v. *Mayor*, 76 id. 60; *Wilson* v. *Mayor*, 1 Denio, 595; *Cole* v. *Medina*, 27 Barb. 218; *Peck* v. *Batavia*, 32 id. 634.) It is indispensable to establish, as matter of fact, that the municipality took some action in respect to the sidewalk at the locality in question before it can be charged with negligence in respect to it. (*Saulsbury* v. *Village of Ithaca*, 24 Hun, 12.) It is indispensable to prove the absence of negligence on the part of the person injured, in order to justify a recovery for an injury caused by

negligence. (*Reynolds* v. *N. Y.*, etc., *R. Co.*, 58 N. Y. 250; *Cordell* v. *N. Y.*, etc., *R. Co.*, 75 id. 332; *Hart* v. *H. R. B. Co.*, 84 id. 56, 62; *Johnson* v. *H. R. R. Co.*, 5 Duer, 21, 26; 5 Lans. 43, 48; 6 id. 381, 385–6; 2 Bosw. 589–602; 19 How. Pr. 370, 371–2; 23 Hun, 75.) Had the common council directed this walk to be built on this identical slope, the city could not be held liable for the plaintiff's injury. (*Hines* v. *Lockport*, 50 N. Y. 236, 238; *Mills* v. *Brooklyn*, 32 id. 489; *Child* v. *Boston*, 4 Allen, 41; *Merrifield* v. *Worcester*, 110 Mass. 216; *Darling* v. *Bangor*, 68 Me. 112; *Detroit* v. *Buckman*, 34 Mich. 125; *Lansing* v. *Toolan*, 37 id. 152; *Marquette* v. *Cleary*, id. 296.) But the omission to exercise discretionary functions is no more actionable than the exercise of them. (*Saulsbury* v. *Ithaca*, 24 Hun, 12.)

*Leslie W. Russell* for respondent. Under the charter it was the duty of the common council to construct and keep in repair sidewalks and streets, so as to prevent injury to the public who are obliged to pass over them. (*Diveny* v. *The City of Elmira*, 51 N. Y. 506, 513; *Clemence* v. *The City of Auburn*, 66 id. 334; *Hines* v. *The City of Lockport*, 50 id. 237, 239; *Ellis* v. *Village of Lowville*, 7 Lans. 434; *Wilson* v. *City of Watertown*, 3 Hun, 508.) All persons have the right to rely on the assumption that the streets and sidewalks are in good condition and secure, even the aged, blind and infirm. (*Davenport* v. *Ruckman*, 37 N. Y. 568; *Clemence* v. *City of Auburn*, 4 Hun, 386; affirmed 66 N. Y. 334, 341; *Woolsey* v. *G. T. R. R. Co.*, 83 id. 121.) A sufficient length of time had elapsed between the alteration of the sidewalk in 1875 and the time of the injury in 1879 to give the common council ample notice of the existence of the defect, and sufficient time also elapsed from the times of the various falls to have given notice of its dangerous condition, especially considering the public character of the place. (*Todd* v. *The City of Troy*, 61 N. Y. 506; *Requa* v. *City of Rochester*, 45 id. 129.) The defense of judicial discretion was not pleaded, and is an affirmative defense. (*Clemence* v. *City of Auburn*, 66 N. Y. 339.) Grant-

ing, for the sake of argument, that there is a *quasi* judicial discretion in establishing the grade, yet when that grade has been fixed, unless the common council also exercise the further judicial discretion to alter that grade, it is the duty of the common council to see that such grade is adhered to, so far as the question of negligence arises. (*Woolsey* v. *G. T. R. R. Co.*, 83 N. Y. 121; *Hutson* v. *Mayor*, 9 id. 163; *Mills* v. *City of Brooklyn*, 32 id. 489; *Rochester W. L. Co.* v. *City of Rochester*, 3 Comst. 464; *Conrad* v. *Trustees of Ithaca*, 16 N. Y. 159; *Hudson* v. *Mayor, etc.*, 5 Seld. 163.) A sidewalk is a part of a street or highway. (*Wilson* v. *City of Watertown*, 3 Hun, 508; *Ellis* v. *Village of Lowville*, 7 Lans. 434.) By the admission that the place of the injury was one of the public streets of the city of Ogdensburg, the inference arises that the city had assumed entire jurisdiction over the walk in question. *Marvin* v. *U. L. Ins. Co.*, 85 N. Y. 278–283; *Mallory* v. *Travelers' Ins. Co.*, 47 id. 54; *Binsse* v. *Wood*, 37 id. 526–532; *Shotwell* v. *Mali*, 38 Barb. 445; affirmed, 36 N. Y. 200; *Belknap* v. *Seeley*, 14 id. 147; *Salisbury* v. *Howe*, 87 id. 128.) There was no question of contributory negligence which became a law question for the court. (*Davenport* v. *Ruckman*, 37 N. Y. 568; *Evans* v. *City of Utica*, 69 id. 166; *Driscoll* v. *Mayor of New York*, 11 Hun, 101; *Darling* v. *Mayor*, 18 id. 340.) Knowledge of a defect is not sufficient to establish contributory negligence. (*De Wire* v. *Bailey*, 25 Alb. L. J. 116; *Woolsey* v. *G. T. R. R. Co.*, 83 N. Y. 121.) It is not necessary to allege in the complaint that plaintiff is free from negligence. (*Haskell* v. *Village of Penn Yan*, 5 Lans. 48; *Wolfe* v. *Sup'vrs of Richmond*, 19 How. 370; *Johnson* v. *H. R. R. Co.*, 5 Duer, 21; *S. C.*, 20 N. Y. 65; *Richards* v. *Westcott*, 2 Bosw. 602; *Hackford* v. *N. Y. C. R. R. Co.*, 13 Abb. [N. S.] 13, 24; *Mac Donell* v. *Buffum*, 31 How. 154, 162; *Railroad Company* v. *Gladmen*, 15 Wall. 406; *Melhado* v. *Pough. Co.*, 15 W'kly Dig. 193.) An averment that the negligence of the defendant was the cause of the injury is equivalent to an averment that it was the sole cause, and that plaintiff was free from negligence. (*Develin* v. *Smith*, 15 W'kly Dig. 316;

*Button* v. *H. R. R. Co.*, 18 N. Y. 248 ; *Johnson* v. *R. R. Co.*, 20 id. 65.)

MILLER, J.   This action was brought to recover damages for injuries sustained by reason of a fall upon a sidewalk in the city of Ogdensburg.

The complaint alleged that the defendant with full knowledge and notice did negligently and carelessly allow, suffer and permit one of the streets and sidewalks of the said corporation and city to remain and be in an unsafe and dangerous condition, and did suffer and permit the said sidewalk and highway to be constructed in a dangerous and unskillful and careless manner, and that the plaintiff, while passing along said sidewalk and street, sustained the injuries for which the damages are claimed. The principal defect complained of is the slope of the sidewalk from the building to the street, which was proved to have been about seven and three-eighth inches in a width of six and one-third feet.   Ice had been formed upon the sidewalk by water being carelessly spilled just previous to the accident, in consequence of which the injury was caused.

At the close of the testimony upon the trial, the counsel for the defendant moved for a nonsuit, upon the ground that negligence cannot be predicated upon the plan or slope on which the walk was built, for that was in the discretion of the common council.   The motion was denied and the defendant excepted.   The same question was presented by a request to the court, to charge that the defendant cannot be held liable for any fault in the plan of the work, and hence was not liable for the steepness of the slope or incline from the platform to the curbstone.   This also was denied and an exception taken to the ruling.   The court, however, did charge " that if the corporation had adopted a plan in terms; that is, if the common council, the body having charge of sidewalks, had taken into consideration in advance the subject of what would have been a proper walk to construct at this place, and had determined that, the city would not have been liable undoubtedly for constructing a walk of this kind.   But the common council did

not take into consideration in advance this subject; it took no action upon it."

The court erred in denying the motion for a nonsuit and also in refusing to charge as requested.

The rule is well settled that where power is conferred on public officers or a municipal corporation to make improvements, such as streets, sewers, etc., and keep them in repair, the duty to make them is *quasi* judicial or discretionary, involving a determination as to their necessity, requisite capacity, location, etc., and for a failure to exercise this power or an erroneous estimate of the public needs, no civil action can be maintained. But when the discretion has been exercised and the street or improvement made the duty of keeping it in repair is ministerial, and for neglect to perform such a duty an action by the party injured will lie. (*Hines* v. *City of Lockport*, 50 N. Y. 238; *Mills* v. *City of Brooklyn*, 32 id. 489; *Lansing* v. *Toolan*, 37 Mich. 152; *Marquette* v. *Cleary*, 37 id. 296; *Darling* v. *Bangor*, 68 Me. 112.)

COOLEY, Ch. J., in reversing the judgment in the *Toolan Case* says: " In planning public works a municipal corporation must determine for itself, to what extent it will guard against possible accidents. Courts and juries are not to say it shall be punished in damages for not giving to the public more complete protection; for that would be to take the administration of municipal affairs out of the hands to which it has been intrusted by law. What the public have a right to require of them is that in the construction of their works, after the plans are fixed upon, and in their management afterward, due care shall be observed; but negligence is not to be predicated of the plan itself."

This rule was held to be applicable as well to work done as to a design proposed. The approval of the plan when completed is as much a judicial act as the design of it. It is of no consequence that the judgment was exercised at different times so long as it comprehended the single plan. (See *Lansing* v. *Toolan*, 37 Mich. 152.)

These remarks are directly in point, and any other rule than the one laid down in the cases cited would enlarge the

liability of the municipal authorities to an extent not sanctioned by any adjudicated case. The sidewalk in question was proved to have been strongly constructed and in good repair, and the allegation is that the plan upon which it was built was defective and dangerous; that it was too steep, and not that it was out of repair. It is very plain, the city could not be held liable for a defect or error in the plan, and it is, therefore, manifest that the court erred in refusing to nonsuit and also in refusing to charge as requested, unless that portion of the charge already stated obviated the difficulty.

Such, we think, was not the case, and this rule was expressly, as we have seen, repudiated in *Lansing* v. *Toolan* (*supra*). The effect of such a rule would be that if the common council had the right in its discretion to build this walk upon the plan, and exactly as it was built, it would have no right in its discretion to omit to disapprove of it after it had notice of the manner in which it was built, and that for this reason it would be liable. If the common council were authorized to direct the walk to be built upon the plan which was adopted and did not do it, it is unreasonable to say that they would be liable for a defect which would not have existed if they had ordered it.

The evidence shows there had been a sidewalk at the place in question since 1855, and there was no proof by whom or under what authority it was originally built. About the year 1874, or 1875, a new plank walk was built over the old one. It does not appear by what authority this new walk was built, and the only proof given by the plaintiff on that subject was that nothing could be found on the city records respecting it. There was some evidence on the part of the plaintiff, tending to show that the new walk was steeper than the old one, but it is not very clear what the difference was, or that the change was of a radical character; the old plan was followed substantially in the building of the new walk.

We think, that as the original plan required the exercise of judicial discretion in establishing the grade, it must be assumed that such discretion was also exercised in carrying out the plan in laying down and constructing the new walk, and as the action of the plaintiff cannot be maintained upon the ground that

the original plan was defective, it is not apparent in what way it can be upheld by reason of the alleged change in the grade. In this connection it may be remarked that the cases relied upon by the counsel for the respondent relate only to the prosecution of the work which the law holds to be ministerial in its character, and that it should be performed in a safe and skillful manner.

This action is not brought for unskillfulness in making and repairing the walk, but for a radical defect in the plan and in the reparation thereof according to the same.

In the case of *Clemence* v. *The City of Auburn* (66 N. Y. 334) the common council had directed the building of the sidewalk, and one of its members in constructing it made an alteration from the original plan which was entirely unauthorized. The slanting stone which caused the accident in that case, instead of being laid as directed by the common council, was laid contrary to its directions by an alderman. The result was the injury complained of. There is a wide distinction between that case and the one at bar.

Conceding that when the grade has been fixed the common council are bound to see that the grade is adhered to and cannot establish a different one, as it is not clear that any such change or variation was made in deviation from the original plan as would establish negligence on the part of the defendant, no liability was incurred.

If the city can be held liable for the injury sustained it must be upon the assumption that it was responsible for the plan of the work and its continuance, and having this in view it is difficult to see how the city can be held responsible upon the ground stated in the judge's charge.

As a new trial must be granted upon the ground already considered it is not necessary to discuss the other questions raised. For this reason also the questions arising upon the demurrer do not demand examination.

The judgment should be reversed, and a new trial granted, costs to abide the event.

All concur, except RAPALLO, J., absent.

Judgment reversed.