Haight, J.
This action was brought to recover damages for an injury sustained by the plaintiff whilst passing along a sidewalk on Washington street in the city of Buffalo. In April, 1875, R. W. Bell & Co. constructed a driveway across the sidewalk into their premises. It was constructed by lowering the walk between four and five inches, and on either side of the driveway the flagging stone was placed so as to be on a level with the sidewalk at one end, and then sloped to the bed of the driveway, making a descent of four inches in two feet. It was upon one. of these flagging stones that the plaintiff slipped and fell, breaking both bones of his leg above his ankle.
The questions presented upon this appeal arise upon the charge of the court. The defendant’s counsel requested the court to charge the jury that there can be no recovery against the city unless the jury find that the city has laid or permitted to be laid flagging stones and pavement from the level of the sidewalk to the bottom of the driveway at a *97 negligent or improper angle. This the court refused to do, and an exception was taken. The appeal book fails to disclose any evidence upon the question as to whether or not the city had granted to R. W. Bell & Co. a permit to construct the driveway across the sidewalk. That it was so constructed in 1875 is undisputed, and that it had remained in that condition down to the time of the injury is •also undisputed. So that the correctness of the request to charge must depend upon the construction that is to be given to the word permitted. If the defendant meant by that word that a recovery could not be had unless the city had granted a permit to R. W. Bell & Co. to construct a driveway in the manner in which it did construct it, then the charge was properly refused. If, however, it was intended by the expression that the city had merely suffered R. W. Bell & Co. to construct the driveway with flagging ■stones at a negligent or improper grade without affirmatively consenting thereto, then the request was proper and should have been granted. The word permit is defined by Webster as meaning to grant express license or liberty to do, to give leave, to allow, and also to tolerate and to suffer. The sense in which the expression was used on this occasion should be determined from that which precedes and follows the request. The court charged the jury that it was the duty of the defendant to exercise ordinary and reasonable care and diligence to see that the streets and sidewalks were kept in a reasonably safe condition for travel, and that it was for the jury to determine whether or not the stones upon which the plaintiff slipped and fell were in a reasonably safe and proper condition in the position in which they were placed leading down into the driveway; that if they were in a safe and proper condition, there could be no recovery; and further, that the grade of the street, as originally shaped, was nearly a continuous level grade; that there was no evidence in the case tending to show that the city has in any way or manner ever interfered to change the grade. It further appears from the case that a considerable discussion had taken place as to whether or not the defendant should be deemed to have consented to the change of the grade of the sidewalk by reason of the lapse of time since the driveway was constructed. In view of this discussion and of the charge as made, we are inclined to the opinion that the request to charge was understood as embracing the consent or express permit of the defendant to construct a driveway in the manner in which it was constructed, and that consequently the refusal to charge was proper.
Again, the court charged the jury, at the request of the *98 plaintiff’s counsel, that Bell & Co. had no right to cut this driveway through the-sidewalk. To this charge the defendant excepted. It is now contended that in the absence of evidence upon the subject, that it will be presumed that the driveway was constructed with the consent of the city; and there appears to be some authority in support of this claim.
In the case of Woodbury v. The District of Columbia, (3 Central Rep., 788), the proprietors of the Riggs House in the city of Washington, had caused a ditch to be constructed across the sidewalk. The sidewalk had been broken for the-space of about five weeks. It was held that the proprietors would have subjected themselves to a fine for opening the walk without consent and that, it would have been gross neglect of duty on the part of the officers of the city in case it had been so opened without their permit; and the presumption was that the officers had done their duty and that it was opened with their permit.
In the case of Urquhart v. The City of Ogdensburg (91 N. Y., 67), it was held that where a sidewalk had been reconstructed with a steeper grade than that originally adopted in the absence of evidence showing by whom it was so reconstructed, it must be assumed to have been the work of the city and that the establishment of the grade was the exercise of júdicial discretion, and that that discretion extended to the new grade established. But in the same case again considered in 97 N. Y., 288, this doctrine was to some extent modified. It was then held that a change of the grade must be indicated by formal corporate action; that where the plan of the street had been once adopted, and. the work constructed thereon, an unauthorized change whereby it became unsafe, after a reasonable time for notice made- the city liable as for negligence; and that a refusal to so charge upon the ground that the evidence raised the presumption that the common council had assented to the change was erroneous. Under the ruling in this case the charge appears to be correct.
Again, the court charged the jury at the request of the plaintiff's counsel, that a municipal corporation having-power to maintain and control streets is bound to exercise ordinary and reasonable care and diligence to see that they are kept in a reasonably safe condition for travel and is- - liable in the case of injury whether the cause of the injury was the act of the municipal corporation or of a third party. This charge was also excepted to by the defendant’s counsel. The charge as it stands does not present a correct rule of law, for it omits the question of negligence and under a strict reading might be construed to make the municipal corporation liable for the act of a third party, even though *99 the municipal corporation was guilty of no negligence. But we hardly think: that the jury could have been misled by this charge. It must be deemed to have been made in view of the evidence taken upon the trial and the questions at issue in the case. The court had repeatedly charged that there could be no recovery unless the jury should find that the defendant was guilty of negligence in permitting the stones of the sidewalk to remain at an improper angle or grade. This charge had been repeated so many times and such various forms that it would seem as if that fact must have been impressed upon the minds of the jurors. _ The charge does not retract or. withdraw anything previously charged upon that branch; the question of negligence is simply omitted and we think we may properly deem the charge made as in addition to what had been previously charged and qualified accordingly.
Other exceptions were taken to refusals to charge and to the charge as made, but none which we deem it necessary to further consider.
The judgment and order should be affirmed.
Smith, P. J., Barker and Bradley, JJ., concur.