WILLIAM GRANGER, PLAINTIFF, v. THE VILLAGE OF SENECA FALLS, DEFENDANT.

*Alteration of the grade of a sidewalk by the owner of the adjoining property — liability of the city for injuries sustained by one injured in consequence thereof.*

Upon the trial of this action, brought to recover damages for injuries sustained by the plaintiff in falling upon a sidewalk in a street in the defendant village. it appeared that the grade of the sidewalk had been altered by the owners of the adjoining lots to improve the approach to a building, so as to increase and nearly double the pitch of the sidewalk at the place where the plaintiff fell. Upon the trial the court granted a motion for a nonsuit made by the defendant upon the ground that the walk as laid was a matter resting in the discretion of the board of trustees, that they were legislative officers and that their action was judicial in fixing the grade.

*Held,* that it erred in so doing, as it did not appear that the village trustees had ever established or approved of the new grade.

*Urquhart* v. *The City of Ogdensburg* (91 N. Y., 67, and 97 id., 238) followed.

MOTION for a new trial made by the plaintiff on exceptions taken upon the trial at the Seneca Circuit and ordered to be heard in the first instance at the General Term.

*Rogers & Harmon,* for the plaintiff.

*Richard G. Miller,* for the defendant.

HAIGHT, J.:

This action was brought to recover damages for injuries which the plaintiff claims to have sustained in falling upon a sidewalk on Ovid street, in the village of Seneca Falls, causing a fracture of the tibia about four inches above the ankle. Upon the trial the plain tiff gave evidence tending to show that the sidewalk, at the place

FIFTH DEPARTMENT, JUNE TERM, 1887.

of the accident, had existed for upwards of twenty years and was of a uniform grade, descending thirty-one inches in thirty-seven and one-half feet; that about two years before the accident the abutting owner Sharp erected a new block of buildings, and at that time changed the walk in order to have it come up to a better pitch with the entrance of his store, raising it twelve or fifteen inches at the south end; that there was another owner south of him and they filled in at that point so as to give the walk a sudden pitch, so that after the walk was reconstructed in the middle section of twelve and one-half feet there was a descent of twenty inches, thus nearly doubling the pitch of the walk at that place. Upon the conclusion of the plaintiff's evidence the defendant moved for a nonsuit upon the ground that the walk, as laid, was a discretionery matter of the board of trustees; that they were legislative officers and that their action was judicial in fixing the grade. The court, thereupon, granted the motion and to such ruling an exception was taken which presents the only question which we are now called upon to consider. The difficulty with the defendant's position is that it does not appear that the village trustees had ever established or approved of the new grade of the walk as constructed by Sharp and the abutting owner south of him. Had there been formal corporate action by the board of trustees of the village, thus establishing the grade, a different question would have been presented.

In the case of *Urquhart* v. *The City of Ogdensburg* (91 N. Y. 67), it was held that where a sidewalk had been reconstructed with a steeper grade than that originally adopted, in the absence of evidence showing by whom it was so reconstructed, it must be assumed to have been the work of the city and that the establishing of the grade was the exercise of judicial discretion, and that that discretion extended to the new grade established. But in the same case again considered in 97 New York, 238, this doctrine was to some extent modified. It was then held that while the corporation may not be liable for any defect in the original plan, and while it may adopt a sidewalk already constructed or rebuild upon a new plan, and thus secure to itself immunity, this must be done by formal corporate action; and where a change in the grade or slope has been made by the owner of adjoining premises in rebuilding, making the sidewalk dangerous for travel, the omission on the part of the corporation,

after notice, to take any action in reference to the matter is not a defense in an action brought against it to recover damages for injuries caused by the defect. As we have seen, the change in the sidewalk in this case was made by the owner of adjoining premises, and it does not appear that the village trustees have ever adopted or approved of the grade, as changed by the reconstructed walk. It follows that the motion for nonsuit was improperly granted. (*Garrett* v. *The City of Buffalo*, 22 W. Dig., 262.)

The motion for new trial should be granted, with costs to abide event.

SMITH, P. J., and BRADLEY, J., concurred.

Motion for new trial granted, with costs to abide event.