WESSMAN *et al. v.* CITY OF BROOKLYN.

*(City Court of Brooklyn, General Term.*  October 26, 1891.)

MUNICIPAL CORPORATIONS—DEFECTIVE DRAINS—ACTIONS.

While the duty of a city to make sewers, culverts, and drains pursuant to a power conferred on it by charter is *quasi* judicial and discretionary, where the discretion has been exercised, and the drain constructed, the duty to keep it in repair is ministerial, and an action will lie for negligent failure to do so.

Appeal from trial term.

Action by Mary P. Wessman and another against the city of Brooklyn for damages due to a defective drain.  There was judgment for plaintiffs, and defendant appeals.

Argued before VAN WYCK and OSBORNE, JJ.

*Almet F. Jenks,* for appellant.  *J. W. & C. W. Ridgway,* for respondents.

VAN WYCK, J.  Previous to 1876, Thirty-Ninth street, Brooklyn, was ungraded, and the plaintiffs were owners of a lot 25x100 feet on north side thereof, between Sixth and Seventh avenues.  There the surface waters flowed in a natural course, which commenced in the woods, back of Forty-Fourth street and Seventh avenue, traversed the land between that place and plaintiffs' lot, entering the rear thereof, continued through a gulley, made by its own action, along said lot and across Thirty-Ninth street, then ungraded, to the river.  This flow of such waters had continued in this way for a great many years.  The city had authority of law to grade streets, build sewers, and also to construct drains to carry off surface waters, when-

ever any street was graded. Brooklyn Charter 1873, tit. 18, § 1; same in Brooklyn Charter 1888, tit. 19, § 1. In 1876 the city graded Thirty-Ninth street along the front of plaintiffs' lot and above the level thereof, and also constructed a drain, for the purpose of carrying off the surface waters that had for so many years flowed through this natural course, by piercing the embankment made by the grading of the street with a drain-pipe 12 inches in diameter. Part of the expense of the same was charged against plaintiffs' premises. This drain successfully did the work of carrying off such waters, and was kept in repair by the city till March, 1889, when some one. unauthorized by the city or by any adjoining lot-owner, dug into the street, and broke and stopped this drain-pipe, so that water no longer would pass through it. The city was duly notified of its condition, and warned of the danger of injuries to plaintiffs' premises if not repaired. Notwithstanding such notice, the city refused and neglected to repair the same. The water became dammed up on plaintiffs' premises six to eight feet, flooding their house, and causing serious damage thereto, for which this action is brought. The trial court held they were entitled to recover $500, and from the judgment entered therefor the defendant appeals. We assent to appellant's contention that the duty of a city is *quasi* judicial or discretionary when a power is conferred upon it to make public improvements, such as streets, sewers, culverts, and drains; and for a failure to exercise this power, or an erroneous estimate of the public needs, no civil action can be maintained. But this does not help the defendant in this case, for it has been equally well settled by the court of appeals that, after this *quasi* judicial or discretionary power has once been exercised and the improvement made, the duty of keeping it in repair, so as to prevent it from being dangerous to the public, is ministerial, and for a negligent omission to do so an action by the party injured will lie. This was decided in *Mayor, etc.,* v. *Furze,* 3 Hill, 616, and followed in *Wilson* v. *Mayor, etc.,* 1 Denio, 601; *Hutson* v. *City of New York,* 9 N. Y. 168; *Griffin* v. *City of New York,* Id. 461; *Mills* v. *City of Brooklyn,* 32 N. Y. 498; *Barton* v. *Syracuse,* 36 N. Y. 54; *McCarthy* v. *Same,* 46 N. Y. 196; *Urquhart* v. *Ogdensburgh,* 91 N. Y. 71. We think the duty rested upon the city to use ordinary care to keep in repair the drain so constructed by it. Judgment affirmed, with costs.