MARTIN D. VAN WIE, Respondent, *v.* THE CITY OF MOUNT VERNON, Appellant.

*Negligence — collision, by reason of a horse becoming frightened by a trolley car, with a city lamp post six inches inside the curb line — liability of the city — contributory negligence.*

In an action brought to recover damages resulting from the alleged negligence of the defendant, a municipal corporation, it appeared that while the plaintiff was driving a horse, which was somewhat restive when passing cars, along a street in the defendant city upon which trolley cars were operated, the horse became frightened by the loud and sudden ringing of the bell on an approaching car, and that his consequent movement brought the hind wheel on one side and the body of the wagon on the other side of a lamp post standing upon a street corner six inches inside the curb line, by reason of which the wheel was torn from the wagon and the plaintiff was injured.

*Held*, that the plaintiff was not guilty of contributory negligence, as matter of law, in driving the horse upon the street or in concluding to meet and pass the car;

That the lamp post having been erected in the prosecution of a public improvement which the city had power to authorize, the determination of the position in which it should be placed was within the discretion of the city, and that where such discretion was exercised in good faith the city could not be held liable for a failure to furnish more complete protection.

*Semble*, that even if the defendant's liability might be treated as one of fact, negligence could not be predicated of the manner in which the lamp post was set.

APPEAL by the defendant, The City of Mount Vernon, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Westchester on the 18th day of October, 1897, upon the verdict of a jury, and also from an order bearing date the 9th day of October, 1897, and entered in said clerk's office, denying the defendant's motion for a new trial made upon the minutes.

*William J. Marshall,* for the appellant.

*Charles H. Noxon,* for the respondent.

HATCH, J.:

This action is brought to recover damages for injuries claimed to have been received through the negligent act of the defendant. There is little if any dispute in the evidence, and the case may be disposed of upon a well-settled principle of law. The plaintiff was driving through Third street, in the city of Mount Vernon, with a horse attached to a buggy, in which was seated his wife and himself. Trolley cars ran upon this street, and, as he approached the corner of Third and Haight streets, he observed a trolley car approaching. The horse was a high-spirited animal, and somewhat restive when passing the cars. As the car came near to the plaintiff it sounded its bell loudly, and the movements of the horse brought the hind wheel and the box of the buggy on either side of a lamp post standing upon the corner, which resulted in tearing the wheel from the buggy, throwing the occupants upon the street, and the plaintiff sustained the injuries of which he now complains. Although the horse was somewhat spirited, shied at the trolley cars and ran away upon this occasion, we do not think that contributory negligence of the plaintiff can be affirmed as matter of law, either in driving the horse or in concluding to meet and pass the car under the circumstances developed by the trial. The plaintiff had the horse under control, and there was nothing to lead a person reasonably prudent and careful to think that he would not continue to be, or that he would not have been, controlled, had he not come in contact with the lamp post. (*Ring* v. *City of Cohoes*, 77 N. Y. 83.)

The jury were authorized to say that what caused the horse to make the movement which he did was the sudden and loud ringing

of the bell upon the car. The court was, therefore, so far correct, in holding that the question of contributory negligence was for the jury.

Upon the question of the defendant's negligence, however, we think that the judgment cannot be upheld. The only evidence upon which the respondent claims that negligence of the city can be predicated is in the maintenance of the lamp post upon the corner. This post was placed by the gas company having a contract with the defendant for lighting its streets, as directed by the defendant and in pursuance of a resolution by its common council. It appears that it was placed in the same relative position to the curb of the street as all of the other posts upon the street, and stood six inches inside the curb line. The setting of this post, therefore, was in the prosecution of a public improvement which the municipality had power to authorize. The manner of its exercise was committed to municipal discretion, and it was for it to say to what extent it would guard against possible accidents in placing the post. It may not be punished for not giving more complete protection to the public than it determines upon, when it acts in good faith and is not controlled by some express statutory mandate requiring it to do otherwise. (*Urquhart* v. *City of Ogdensburg,* 91 N. Y. 67; *Paine* v. *Village of Delhi,* 116 id. 224.) The only additional requirement is that, in the construction of the work and thereafter keeping the same in repair, due care shall be observed. There is no room for finding in this case that this accident occurred by reason of the structure having become out of repair. This rule necessarily prevents speculation, by proof, as to whether the post should be set closer to the walk or nearer to the curb. Negligence may not be based on any such conjectures. (*Urquhart* v. *City of Ogdensburg, supra; Mills* v. *City of Brooklyn,* 32 N. Y. 489–496.) If it might be considered a question of fact, negligence could not be predicated of the manner in which this post was set. (*Dubois* v. *City of Kingston,* 102 N. Y. 219.) The fact that no light was placed upon the post until 1897 is of no consequence. The city was authorized by its charter (Laws of 1892, chap. 182, § 166, subd. 29) to prosecute the work, and it might, in the proper exercise of its powers, anticipate the growth of the city and its future needs and make reasonable provision therefor.

The judgment should be reversed and a new trial granted, costs to abide the event.

All concurred.

Judgment and order reversed and new trial granted, costs to abide the event.