Williams, J.
The instructions given and refused by the court of common pleas for which its judgment was reversed by the circuit court, raise the question whether a municipal corporation is exonerated from liability for injuries caused by an unsafe condition of a public way under its control which it has suffered to remain after notice, when the defect arose in the execution of a plan adopted by the corporation for a local improvement. Its immunity from liability is defended here on the ground that, in the adoption of plans for local improvements, municipal bodies are in the exercise either of a legislative power, which is discretionary and not subject to judicial control, or of a judicial power, and not responsible for errors of judgement. Cases are cited in support of the proposition, some of *303 which place the exemption from liability on one of these grounds and some on the other; but none on both. It is said in Detroit v. Beckman, 34 Mich., 125, that ‘ ‘when complaint is made that the original plan of a public work is so defective as to render the work dangerous when completed, it is apparent that the fault is with legislative action.” And in Urquharty. Ogdensburg, 91 N. Y., 67, it is declared that the exercise of the power to make local improvements is quasi judicial. The courts of these states, in numerous decisions, maintain respectively these divergent views of the grounds on which municipal corporations are not liable in such cases, but concur in holding their non-liability; and on that question they are at variance with a large number of reported cases, especially of those decided by the courts of the middle and western states. In Blyhl v. Waterville, 57 Minn., 115, it is held that; “a municipal corporation is liable for an injury caused by having an unsafe sidewalk, the condition of which is due to the plan adopted for its construction, when the city could have remedied the defect, but did not do so.” And in Gould v. Topeka, 32 Kas., 845, the court hold that a “city has no more-right to plan or create an unsafe and dangerous condition of one of its streets than it has to plan or create a public or common nuisance.” The same doctrine is maintained in Indiana, Iowa, and other states. We will not attempt a review or discussion of the cases on this subject. In their briefs, which show diligent research, counsel have collected the cases on both sides, and ably presented their different views.
Text writers on the subject, lean to the side of municipal liability in such cases. In Dillon on Municipal Corporations, vol. 2, page 1294, under *304 section 1024, it is said: “Does the principle that actionable negligence cannot be predica!ed of the plan itself, (post section 1046), go so far as to exempt from liability if that plan leaves the streets in an unsafe and dangerous condition for public use? In the author’s opinion this question ought to be answered in the negative.” And in Harris on Damages by Corporations, (vol. 1, page 165), that author says: “As to the liability of a city for damages for an injury resulting from a defective plan, the decisions are not all harmonious, but the weight of authority is now perhaps in favor of holding the city liable for defects in the plan a!s well as in the execution of the work.” And see Elliott on Roads and Streets, Chap. 20; and Jones on Neg. Mun. Corp. Chap. 4, page 67.
It has been held in this state, in a number of reported cases, that municipal corporations are liable for injuries caused to property abutting on streets, by changes in their grades, notwithstanding the establishment of the grade was a lawful exercise of municipal authority, and the work was done in conformity with the plan so adopted. The court recognizes that in this class of cases it has taken ground in advance of some adjudications elsewhere, and its position is maintained on principle. The doctrine established by them has since been adopted and followed in several other states. In Dayton v. Pease, 4 Ohio St., 80, the city of Dayton was held liable in damages for injuries to property resulting from the fall of a bridge forming part of one of its streets over a canal, where the fall was owing entirely to defects in the-plan of the bridge which had been approved by the council, and the bridge was constructed under its direction and in accordance with the plan. While *305 the question here is not precisely the same as in that case, it is nearly so, and involves an application of the same principle. And, in view of the irreconcilable conflict of decisions elsewhere, on this question, we are at liberty to adopt such rule as will best harmonize with those of this court, and our legislation on the subject, and as to us seem most reasonable and practicable. Our statute, in express terms, places the public ways of each municipality, in its control, coupled with a positive command to keep them open, in repair, and free from nuisances. In the performance of that duty, the municipal authorities are required to remove, and keep removed from its streets, all dangerous defects, obstructions and nuisances of every kind, as they may arise, from time to time, from any cause. There is no exception from the requirement, in favor of defects, obstructions or nuisances which are placed, or caused to be placed, in a street, by the corporation or by its officers or agents; nor, is there any the less reason for holding the corporation liable for a disregard of its duty to remove such obstacles from its streets when placed there by its own act or the act of its officers, than there is for making it answerable for its negligence in permitting similar obstacles to remain when placed in the street by other persons. The statutory duty is ministerial in its nature, and mandatory in terms; and was imposed for the benefit of those having occasion to use the streets, so that they might use them with safety, and not for the benefit of the corporation; and ample means for its prompt and efficient performance are placed in the control of the corporation. While municipal legislation may be necessary in providing means and measures for the performance of the duty, as *306 it is with respect to many strictly ministerial duties, its performance, or the omission to perform it, is not the exercise of legislative or judicial power, nor is it discretionary.
We are of opinion, therefore, that a municipal corporation should be held liable for injuries caused by a dangerous defect or obstruction in a street or sidewalk which it suffers to remain after reasonable notice of its existence, though it arose in the construction or alteration of the street or sidewalk in accordance with a plan adopted by the municipal authorities.
We express no opinion in regard to the weight of the evidence. There was not a total lack of evidence tending to support the issues for the plaintiff, and its sufficiency is for the jury under proper instructions, and for the lower courts.

Judgment affirmed.

Shauck, J., dissents.