### BAILEY v. BELL TELEPHONE CO. OF BUFFALO et al.

(Supreme Court, Appellate Division, Fourth Department. November 15, 1911.)

1. TELEGRAPHS AND TELEPHONES (§ 10*)—CONSTRUCTION AND MAINTENANCE—RIGHTS IN USE OF HIGHWAY.

Under Transportation Corporations Law (Consol. Laws 1909, c. 63) § 102, which authorizes a telephone company to erect and maintain its poles in highways, the placing of a pole 2½ feet outside the traveled part of a rural highway 24 feet wide, is not negligence, or an interference unreasonably endangering the use of the highway.

[Ed. Note.—For other cases, see Telegraphs and Telephones, Cent. Dig. § 6; Dec. Dig. § 10.*]

2. HIGHWAYS (§ 153*)—OBSTRUCTION OF USE IN GENERAL.

The placing of shade trees, telephone poles, hitching posts, and other objects on the highway so as not to interfere with its use is not ordinarily an unlawful obstruction, but a proper and necessary use of the highway.

[Ed. Note.—For other cases, see Highways, Cent. Dig. §§ 419–422; Dec. Dig. § 153.*]

3. TELEGRAPHS AND TELEPHONES (§ 15*)—CONSTRUCTION AND MAINTENANCE—RIGHT IN AND USE OF HIGHWAY—CONSENT OF MUNICIPALITY.

The foreman of a telephone company was told by a town commissioner of highways to set the poles within 6 feet of the road fence, which could not be done without injuring or destroying the shade trees nearer the highway, to which the owner objected, and the poles were then placed on the grass plot between the trees and the highway, about 2½ feet outside of the highway, and the commissioner, on learning where they were located, did not object or ask that they be moved. Held, that there was no such deviation from the direction of the commissioner as to make the pole an unlawful obstruction of the highway, so as to render the telephone company liable for the death of a traveler by being thrown against the pole when her vehicle was overturned on account of the fright of her horse.

[Ed. Note.—For other cases, see Telegraphs and Telephones, Cent. Dig. § 9; Dec. Dig. § 15.*]

4. HIGHWAYS (§ 195*)—INJURIES FROM OBSTRUCTION—TELEPHONE POLES.

The town was not liable on account of such accident; there being no actionable negligence on its part.

[Ed. Note.—For other cases, see Highways, Dec. Dig. § 195.*]

Appeal from Trial Term, Livingston County.

Action by James E. Bailey, as administrator, etc., of Edith L. Bailey, deceased, against the Bell Telephone Company of Buffalo and the Town of York. Judgment for plaintiff, and defendants appeal. Reversed, and new trial granted.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

Fred C. Goodwin, for appellant Bell Telephone Co.
John F. Connor, for appellant town of York.
Frank K. Cook, for respondent.

SPRING, J. On the 10th of June, 1908, the plaintiff's intestate, a young lady 21 years of age, was riding with three children easterly along a highway in the defendant town on their way to the Union School at Greigsville. While traveling on a downgrade the strap which held the thills in place broke, or unfastened, and the thills tilted up, frightening the horse, so that he became unmanageable, running away and colliding with another carriage traveling in the same direction, and both rigs were overturned and the plaintiff's intestate was thrown against a pole of the defendant company erected in the roadside, and received injuries from which she died within a few hours.

It is the claim of the plaintiff that the defendant company was negligent in locating the pole so close to the traveled part of the highway, and the commissioner of the defendant town in allowing it to remain in that place. The defendant company in the summer of 1904 erected poles in the highways through the town, and they were generally placed where directed by the then commissioner of highways of the town. At the place of the accident the traveled part of the highway was about 24 feet in width. The pole was at least 30 inches north of the northerly edge of the part devoted to travel, and about 13½ feet from the boundary fence on the north side of the road. Between the pole and the fence was a row of shade trees about 6 feet from the fence, and the land between the fence and the trees was used as a sidewalk, and from the walk to the traveled road was a grass plot. The pole was about 20 feet in height above the ground, 8 inches in diameter at the top and larger at the bottom. There was a cross-arm on the pole extending out on either side between 4 and 5 feet in a northerly and southerly direction, which brought the northerly end within about 3 feet of the trunk of the nearest tree. The tree was considerably higher than the pole.

[1] The Legislature has granted to telephone companies the authority to erect and maintain their poles in the highways. Transportation Corporations Law, § 102. In availing itself of this authority the company must locate its poles so that they will not interfere with or endanger unnecessarily or unreasonably, the use of the highways by the traveling public, which is its paramount purpose. The highway where the accident occurred was in a rural community, and 24 feet was ample space for those driving over it. The company was not negligent in placing the poles 2½ feet outside the traveled roadway. Scofield v. Town of Poughkeepsie, 122 App. Div. 868, 107 N. Y. Supp. 767; Robert v. Powell, 168 N. Y. 411, 61 N. E. 699, 55 L. R. A. 775, 85 Am. St. Rep. 673.

[2] It is usual to place shade trees, telegraph and telephone poles, hydrants, stepping-stones, hitching posts, and other objects in the highways, and, if the use of the roadway is not interfered with, they

are not ordinarily unlawful obstructions. Such use of the highway is regarded as proper and necessary. Cases cited; Van Wie v. City of Mt. Vernon, 26 App. Div. 330, 49 N. Y. Supp. 779; Dougherty v. Village of Horseheads, 159 N. Y. 154, 53 N. E. 799; Dubois v. City of Kingston, 102 N. Y. 219, 6 N. E. 273, 55 Am. St. Rep. 804; Wolff v. District of Columbia, 196 U. S. 152, 25 Sup. Ct. 198, 49 L. Ed. 426; Jordan v. City of New York, 44 App. Div. 149, 60 N. Y. Supp. 696, affirmed 165 N. Y. 657, 59 N. E. 1124.

[3] It is the contention of the respondent that the telephone company, in locating the poles, did not comply with the direction of the commissioner of highways, and therefore the pole was an unlawful obstruction in the highway. It appears that the commissioner told the foreman of the company to set the poles within 6 feet of the road fence. This could not be done at this place without mutilating or destroying the shade trees, to which the owner objected, so they were placed nearer the roadway. The commissioner learned where they were located, and never objected, or asked that the poles be moved. I think this was no such deviation from the direction of the commissioner as made the line of poles unlawfully in the highway. The right to erect them came from the state, and the commissioner, in the exercise of his authority in the location of them, apparently acquiesced in what the company had done. The only importance of this disregard of the direction of the commissioner by the company is to sustain the charge of an unlawful obstruction.

The respondent takes two positions which are hardly consistent. He claims that the company is negligent because it erected its poles in violation of the command of the commissioner; and, second, that the town is liable for the reason that the commissioner acquiesced in the location of the poles actually made by the company. If there was an acquiescence in what was done, the omission to obey the order of the commissioner has been ratified and is not important.

[4] However, the real pith of the controversy is whether the telephone company was negligent in erecting this pole 2½ feet north of the traveled part of the roadway, and whether the commissioner was negligent in allowing this to be done. It seems clear there was no invasion of the highway—no improper interference with the use of the road by the traveling public. An unmanageable horse may run into a shade tree, or a lamp post, or stepping-stone outside of the roadway, and its driver be injured because of the collision; but negligence may not necessarily be imputed to the town or person directly responsible for placing the obstacle in the highway.

The judgment should be reversed.

Judgment and order reversed, and new trial granted, with costs to appellant to abide event. All concur.