### KENNEDY v. HOTEL TRAYMORE.

(Supreme Court, Appellate Term, First Department.   June 26, 1916.)

MUNICIPAL CORPORATIONS ⬤➾808(2)—OBSTRUCTION ON SIDEWALK—LIABILITY OF ABUTTING OWNER.

 Plaintiff cannot recover merely because he tripped over wire mats on the sidewalk in front of defendant's hotel, which were designed to keep pedestrians from slipping, where there is no proof that the fall was due to any overlapping of the mats.

 [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1684, 1688;  Dec. Dig. ⬤➾808(2).]

Appeal from Municipal Court, Borough of Manhattan, Third District.

Action by Michael Kennedy against the Hotel Traymore.   Judgment for plaintiff, and defendant appeals.   Reversed and remanded.

Argued June term, 1916, before GUY, BIJUR, and PHILBIN, JJ.

Julian S. Eaton, of New York City (Martin B. Faris, of New York City, of counsel), for appellant.

James J. FitzGerald, of New York City, for respondent.

BIJUR, J.  Defendant, on the day plaintiff was injured, December 30, 1914, followed its custom of maintaining on the sidewalk in front of its hotel a number of mats lying close together constructed of wire one-half inch high and designed to prevent persons from slipping on the stone walk.   Defendant did not notice the condition of the matting before he tripped, but claimed that one overlapped the other when he arose after falling, and that he noticed one of defendant's employés kick the overlapping mat into place.

The learned judge below, over the exception of the defendant, repeatedly charged the jury that:

"Nobody has the right to place in a public street an obstruction of any kind without special authority. * * * It makes no difference whether the obstruction is a large one or a small one. * * * All he [plaintiff] had to do was to show that the mats were there, and that there was no authority to place them there, and he is entitled to recover for his injuries, unless he has been guilty of such negligence as tended to bring the injury about itself."

And further, in answer to a request of defendant's counsel to charge, he said:

"On the contrary, I restate, gentlemen, that an obstruction is an obstruction. It may or may not be a serious obstruction. * * * Any obstruction of the

---

⬤➾For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

sidewalk, whether it is by a mat or a bale of hay, without permission of the authorities, is a nuisance to that extent."

It seems to be quite manifest that certain reasonable uses of the sidewalk, particularly one designed as much for the safety of the general public as for the person who maintains the contrivance may be a public benefit rather than a nuisance.   Robert v. Powell, 168 N. Y. 411, 61 N. E. 699, 55 L. R. A. 775, 85 Am. St. Rep. 673; Bailey v. Bell Tel. Co., 147 App. Div. 224, 131 N. Y. Supp. 1000.

As to the alleged overlapping, there is no proof that it caused the accident, even assuming it to have been of sufficient importance to have warranted any consideration.   The complaint should have been dismissed on defendant's motion.

Judgment reversed, with $30 costs, and complaint dismissed, with costs in the court below.   All concur.