JOSEPH BRUNO, Respondent, v. BOARD OF EDUCATION OF THE CITY OF BUFFALO and JULIA SALTARELLI, Appellants.— Same decision and like cause of action as in companion case last above. Present — Sears, P. J., Crosby, Lewis, Cunningham and Dowling, JJ.

ROSE WACHOWIAK, by JOHN WACHOWIAK, Her Guardian ad Litem, Respondent, v. BOARD OF EDUCATION OF THE CITY OF BUFFALO and JULIA SALTARELLI, Appellants.— Same decision and like cause of action as in companion case last above. Present — Sears, P. J., Crosby, Lewis, Cunningham and Dowling, JJ.

JOHN WACHOWIAK, Respondent, v. BOARD OF EDUCATION OF THE CITY OF BUFFALO and JULIA SALTARELLI, Appellants.— Same decision and like cause of action as in companion case last above. Present — Sears, P. J., Crosby, Lewis, Cunningham and Dowling, JJ.

HOWARD SHAFFER, an Infant, by GEORGE SHAFFER, His Guardian ad Litem, Respondent, v. THE STATE OF NEW YORK, Appellant. (Claim No. 22030.) — Judgment affirmed, with costs. Memorandum: The automobile involved in the accident struck a transverse ridge composed of dirt and gravel on the shoulder of a highway. This caused the driver to lose control of the car and to run against a tree and turn over. The driver of the car, blinded by the lights of an approaching automobile, had borne to the right to pass the approaching automobile. At the time of the accident the right wheels of the Shaffer car were on the right shoulder of the road. The ridge of dirt and gravel rendered the highway unsafe for use by motor vehicles and made it dangerous to those traveling on it in automobiles. This condition had existed for upwards of two months and, therefore, the State had constructive notice thereof. Negligence of the State was properly predicated on these facts. All concur, except Crosby, J., who dissents and votes for reversal on the law and facts and for dismissal of the claim on the ground that no negligence on the part of the State is shown. (The judgment is for claimant in a negligence action.) Present — Sears, P. J., Crosby, Lewis, Cunningham and Dowling, JJ.

MABEL SHAFFER, an Infant, by GEORGE SHAFFER, Her Guardian ad Litem, Respondent, v. THE STATE OF NEW YORK, Appellant. (Claim No. 22031.) — Same decision and like cause of action as in companion case last above. Present — Sears, P. J., Crosby, Lewis, Cunningham and Dowling, JJ.

GEORGE SHAFFER, as Administrator, etc., of GEORGIA V. SHAFFER, Deceased, Respondent, v. THE STATE OF NEW YORK, Appellant. (Claim No. 22032.) — Same decision and like cause of action as in companion case last above. Present — Sears, P. J., Crosby, Lewis, Cunningham and Dowling, JJ.

FRED M. HINKLEY, as Administrator, etc., of GEORGE HINKLEY, Deceased, Respondent, v. JOHN E. REDMAN SAND AND GRAVEL CORPORATION, Appellant.— Judgment and order affirmed, with costs. Memorandum: While the intestate was engaged in helping his employer to take sand from the defendant's pit for delivery to one of the defendant's customers, and thus being an invited person, he was injured by sand which fell from a bank at the place where he was working. He died as a result of his injuries. Questions of fact were presented as to whether the danger was obvious and as to whether there was a lack of warning and of due care on the part of the defendant, and the verdict in the plaintiff's favor was not against the weight of the evidence. All concur. (The judgment is for plaintiff in a negligence action. The order denies a motion for a new trial.) Present — Sears, P. J., Crosby, Lewis, Cunningham and Dowling, JJ.