LOUISE RAFFERTY, as Administratrix, etc., of EUNICE RAFFERTY, Deceased, Appellant, *v.* STATE OF NEW YORK, Respondent.*
(Claim No. 24614.)

HENRY WOLCOTT, as Administrator, etc., of JESSIE WOLCOTT, Deceased, Appellant, *v.* STATE OF NEW YORK, Respondent.*
(Claim No. 24615.)

JOHN MAHUE, Appellant, *v.* STATE OF NEW YORK, Respondent.*
(Claim No. 24616.)

CLARENCE MATTISON, Appellant, *v.* STATE OF NEW YORK, Respondent.*
(Claim No. 24617.)

Third Department, January 8, 1941.

* Affg. 172 Misc. 870.

*Harold R. Soden,* for the appellants.

*John J. Bennett, Jr., Attorney-General* [*Joseph L. Delaney, Assist-ant Attorney-General,* of counsel], for the respondent.

SCHENCK, J. These are appeals from four judgments of the Court of Claims dismissing claims of the four claimants. The accident from which all claims arose occurred at one-forty-five A. M. on August 10, 1936, on a State highway west of the village of Ticonderoga. The claimant Mahue was the operator of an automobile, the claimant Mattison and the intestates of the other two claimants being passengers.

The claimants contend that the accident was caused by the negligence of the State in permitting the existence of a tree, with which Mahue's car collided, in the middle of the five-foot shoulder of the highway. Mahue testified that he was blinded by lights on an approaching car, drove on the shoulder and hit the tree. The tree is thirty-two inches from the edge of the paved portion of the highway.

The State contends, and the Court of Claims found, that the State was not negligent but that the accident was caused solely by the negligence of Mahue in the operation of his automobile. The Court of Claims also found that all passengers were, along with Mahue, guilty of contributory negligence.

While this might be true of Mahue and Mattison, there is a serious question in this respect as to the two deceased women. As to them, the burden of proving contributory negligence was upon the State. The point, however, need not be passed upon here and is academic for the purposes of this appeal, in my opinion, for the reason that the determinative factor in the case is that the question of the negligence of the State in permitting the existence of the tree at the place in question is one of fact, and that there is sufficient evidence in the record to affirm the finding of the Court of Claims that the State was not negligent.

To uphold the contention of claimants would mean that this court would have to find that the existence of the tree at the place of the accident constitutes negligence on the part of the State as a matter of law. The cases are unanimous in holding that questions of negligence of the State or subdivisions thereof because of obstructions in the highway or thoroughfare are questions of fact. *Murphy* v. *Village of Seneca Falls* (57 App. Div. 438) held that the existence of part of a torn up wooden sidewalk protruding upon a public

street for seven months, with knowledge of the village trustees, gave rise to a question of fact for the jury. There was no negligence as a matter of law. Similarly, in *Fisher* v. *City of Mount Vernon* (41 App. Div. 293) the court held that the negligence of the city in permitting the existence of low overhanging branches of a tree upon a thoroughfare was a question of fact.

The theory of these cases and others in line with them has been extended to cover questions of alleged defects in shoulders of highways. In *Bailey* v. *Bell Telephone Co.* (147 App. Div. 224) the court held that a town was not necessarily liable for permitting telephone poles to be erected in the shoulder of a highway within thirty inches of the paved portion of the road. Negligence was held to be a question of fact dependent on all surrounding circumstances. The *Bailey* case seems highly analogous to the case at hand and the same rule should apply. In the instant case, Mahue admitted driving at a speed of forty-five to fifty miles an hour just prior to the accident. This high speed and subsequent faulty operation of his car by him after he had been forced to the shoulder by a car coming in the opposite direction were facts sufficient upon which to predicate the finding that the cause of the accident was Mahue's negligence and not the negligence of the State.

In this last connection there is no question but that where the negligence of the driver of an automobile is the cause of an accident, passengers cannot recover against the State even though the contributory negligence of the driver cannot be imputed to the passengers. (*Worden* v. *State of New York*, 221 App. Div. 671.) Accordingly, the passengers in Mahue's car cannot recover from the State where the Court of Claims has found, upon substantial evidence, that the State was not negligent and the accident was caused by Mahue's own negligence.

In *Shaffer* v. *State of New York* (256 App. Div. 1053) it was held that claimants were entitled to recover damages from the State where claimants' automobile struck a ridge on the shoulder of the highway from which they were forced by an approaching car. In that case, however, claims were allowed on the theory that the facts were sufficient to enable the Court of Claims to hold for the claimants. The *Shaffer* case is in no way contradictory to the conclusion reached in the case at hand, because here the Court of Claims has found, as a question of fact, that the State was not liable and has thus devolved the facts against the claimants.

The judgments should be affirmed.

CRAPSER, HEFFERNAN and FOSTER, JJ., concur; HILL, P. J., dissents.

Judgments affirmed.