■ GRAEME FORRESTER et al., Appellants, v PORT AUTHORITY OF NEW YORK AND NEW JERSEY et al., Respondents.—Order, Supreme Court, New York County (Beatrice Shainswit, J.), entered March 9, 1987, which, *inter alia,* granted defendants' motions for summary judgment dismissing the complaint, unanimously modified, on the law, to deny said motions, and, except as thus modified, affirmed, without costs or disbursements.

Trans World Airlines, Inc. (TWA) maintains a taxi loading area, which it designed, for the use of its passengers at its terminal at Kennedy Airport. On August 9, 1982, plaintiff, an English tourist, together with his wife and two children, after arriving at Kennedy Airport on a TWA flight, was directed by

the taxi dispatcher toward one of the cabs waiting in line. Plaintiff's wife and two children entered the taxicab from the pedestrian mall, filling the rear passenger compartment. As plaintiff walked around the rear of the cab in order to occupy the front passenger seat, the cab next in line, driven by defendant Montilla and owned by defendant Segan Cab, surged forward and struck him. The Segan taxicab could not have pulled out of line except that the rear part of the taxi queue, in which Montilla was next on line, had been constructed so as to allow taxicabs to pull out as soon as the drivers wished and irrespective of whether the taxicabs further ahead in line were still actively boarding passengers. This could not occur in the front part of the taxi line, where traffic was channeled one vehicle at a time by means of a traffic island. Plaintiff would not have been in the roadway in the first place, moreover, had the area been designed so that the front passenger's, rather than the driver's, side of the taxicab adjoined the pedestrian mall. Since the rear passenger compartment was fully occupied, plaintiff necessarily had to walk into the roadway to gain entry to the front passenger's seat. In so doing, he was exposed to those taxicabs which, because of their location in the rear section of the taxi line, were permitted to proceed at will. Plaintiff sued both Montilla and Segan for the former's negligent operation of the Segan taxicab. He also sued TWA and the Port Authority, which operates Kennedy Airport and subleases certain areas of the airport to the airlines, including the area involved herein, premised upon their negligent design and maintenance of the taxi loading area. After a trial of the action had to be aborted for juror misconduct, TWA and the Port Authority moved for summary judgment, arguing, basically, that any negligence in the design of the area "merely furnished the condition or occasion [of] the occurrence * * * and was not one of the causes." In opposition, plaintiff submitted the affidavit of a civil engineer who found that the roadway design was defective because the traffic island should have been extended the full length of the pedestrian mall area, and the front passenger's side of the taxicab should have abutted the pedestrian mall. He described the design as a "figurative nightmare." Neither TWA nor the Port Authority controverted the opinion of plaintiff's expert with expert proof of their own. The motion court granted the motion, finding the design of the roadway to be "consistent with the designs for traffic throughout the City" and therefore safe and that, in any event, any negligence in the design of the area was, as a matter of law, not a proximate cause of the accident.

The motion court's analogy of the design of TWA's taxi loading area to traffic designs throughout the city was inappropriate, particularly in light of plaintiff's uncontroverted expert's opinion to the contrary. Defendants had a duty to exercise reasonable care in the operation and maintenance of the taxi loading area, taking into account the danger presented, the likelihood and potential seriousness of injury therefore and the burden of avoiding the danger. *(See, Kush v City of Buffalo,* 59 NY2d 26; *Basso v Miller,* 40 NY2d 233.) Generally, resolution of the question of the foreseeability of danger is for the trier of the facts. *(Derdiarian v Felix Contr. Corp.,* 51 NY2d 308, 315, *rearg denied* 52 NY2d 829.) "What safety precautions may reasonably be required of a landowner is almost always a question of fact for the jury." *(Nallan v Helmsley-Spear, Inc.,* 50 NY2d 507, 520, n 8.)

In the circumstances presented, where the design of the area was such as to force a would-be taxicab passenger into the roadway and the path of other moving taxicabs we cannot say, as a matter of law, that the accident was unforeseeable or that Montilla's intervening negligence so attenuated any negligence in the design of the area as to be deemed a superseding cause. *(See, Kush v City of Buffalo, supra,* 59 NY2d, at 33.) We note, parenthetically, that negligence in forcing a pedestrian into the roadway may, irrespective of whether the driver of an oncoming vehicle was also negligent in failing to avoid the accident, be deemed a proximate cause thereof. *(See, O'Neill v City of Port Jervis,* 253 NY 423.)

Finally, we reject, at this time, the Port Authority's claim of governmental immunity from liability with respect to the "quasi judicial" and "discretionary" function of highway design *(see, e.g., Urquhart v City of Ogdensburg,* 91 NY 67, 71). Regardless of whether the operation of a taxi loading zone constitutes a governmental function, such immunity would not absolve the Port Authority from liability for a design devised without adequate study or one lacking a reasonable basis. *(See, Weiss v Fote,* 7 NY2d 579, 589.) This issue, as well, presents a question of fact. Concur—Kupferman, J. P., Sullivan, Ross, Ellerin and Smith, JJ.