902

MATTIE K. VOORHEES, Respondent, v. THE COUNTY OF NASSAU, Appellant. JOHN C. VOORHEES, Respondent, v. THE COUNTY OF NASSAU, Appellant.— In an action to recover for personal injuries, the complaint charges that the defendant constructed and maintained a dangerous road intersection in that the pathway provided for automobile travel was of wave-line contour and caused the automobile in which plaintiff wife was riding to be jolted to such an extent that said plaintiff was thrown against the ceiling of the automobile. The husband sues for loss of services. Plaintiffs had separate judgments and the trial court denied defendant's motions for a new trial. The appeal is from the judgments and orders. Judgments and orders affirmed, with costs in each case. No opinion. Carswell, Taylor and Close, JJ., concur; Lazansky, P. J., and Adel, J., dissent and vote for reversal and a new trial upon the ground that the verdicts are against the weight of the evidence as to negligence and contributory negligence. Furthermore, in our opinion the county is not liable where it acts erroneously while acting in a quasi-judicial capacity. This street was paved upwards of ten years before the accident and used continuously. No fault is found with the maintenance or repair thereof. (*Urquhart* v. *City of Ogdensburg*, 91 N. Y. 67.) A street in a county is presumed to be constructed according to a plan and on a grade established by proper local authorities. (*Owen* v. *City of New York*, 141 App. Div. 217.)

CAROLYN T. WINDMULLER and ADOLF C. E. WINDMULLER, Respondents, v. NEW YORK CENTRAL RAILROAD COMPANY, Sued Herein as NEW YORK CENTRAL RAILROAD Co., INC., Appellant.— Plaintiff wife sues for personal injuries and for loss of her separate earnings under a contract by which she took employment in a business of the same character as that for many years conducted by her for herself. Her husband sued for medical expenses and loss of his wife's services. Judgment was entered on a verdict awarding the wife $65,000 and the husband $20,000, and defendant appeals. By stipulation after the trial, defendant agreed that if the jury's finding of liability be sustained on this appeal, excessiveness of the verdict will not be urged as a ground of reversal and that the issues as to the wife's loss of separate earnings will be limited to the questions (a) whether error was committed in the admission of evidence concerning the wife's loss of earnings or in the trial court's charge and refusal to charge with relation to such evidence, and (b) whether such evidence of that nature as may be found to have been properly admitted supports the verdict under a charge permitting recovery of a substantial amount on that branch of the case. Judgment unanimously affirmed, with costs. The question of liability was for the jury on conflicting evidence. They accepted that offered by plaintiffs, including testimony from some of defendant's employees, and there is no reason for disturbing the result reached on that question. Opinion evidence from persons competent to give it, as to the value of plaintiff wife's services in the business of her employment, as well as evidence of her success in conducting her own prior business, of the extent of that business and of her importance to it, and of the large amounts of money which she drew from that business, was properly admitted to show the loss of earnings she sustained under her contract of employment. (*Walsh* v. *N. Y. C. & H. R. R. R. Co.*, 204 N. Y. 58, 69; *Masterton* v. *Village of Mount Vernon*, 58 id. 391, 396; *Singer* v. *Martin*, 96 Wash. 231, 242, 243; 164 P. 1105.) The charge of the trial court was free from error, and the evidence as to the value of the plaintiff wife's services amply supports a verdict for a substantial amount. Present — Lazansky, P. J., Carswell, Johnston, Adel and Taylor, JJ.