Orpha H. Cheney, Respondent, Appellant, v. County of Erie, Appellant, and Uly McCraley and Guy H. McQueen, Respondents. Nellie Schnitzler, Respondent, Appellant, v. County of Erie, Appellant, and Uly McCraley and Guy H. McQueen, Respondents. Arthur L. Butler, Respondent, Appellant, v. County of Erie, Appellant, and Uly McCraley and Guy H. McQueen, Respondents. Lillian A. Butler, an Infant, by Arthur L. Butler, Her Guardian ad Litem, Respondent, Appellant, v. County of Erie, Appellant, and Uly McCraley and Guy H. McQueen, Respondents. (Consolidated action.) — Judgment and orders affirmed, with costs to the plaintiffs against the defendant County of Erie and with costs to the other defendants against the plaintiffs. Memorandum: Upon our review of the record in these negligence actions we find sufficient evidence that the defendant County of Erie negligently maintained its highway, at the point of accident, in a dangerous and unsafe condition for automobile traffic in that it permitted to exist thereon, for a period of at least seven years, an irregularity of contour in the pavement which caused the three plaintiffs, who were riding in an automobile, to be suddenly and forcibly thrown upwards from their seats and against the top of the automobile, thereby inflicting serious injuries upon them. (See *Voorhees* v. *County of Nassau*, 251 App. Div. 902; affd., 277 N. Y. 573.) We are of the opinion that the question of plaintiffs' contributory negligence was for the jury and that the jury was warranted in finding that plaintiffs had established their freedom from contributory negligence by a fair preponderance of the evidence. We are also of the opinion that the exclusion of expert evidence as to whether the highway was properly graded was not prejudicial to the defendant County of Erie. All concur. (The judgment is in favor of plaintiffs against the defendant County of Erie, and dismisses the complaint as to the defendants McCraley and McQueen, in four automobile negligence actions, consolidated by court order. The orders deny motions for a new trial.) Present — Sears, P. J., Lewis, Cunningham, Taylor and Dowling, JJ.

John J. Siffringer, Appellant, v. Buffalo Times Co., Inc., and Frederick Brann, Respondents.— Order reversed on the facts and a new trial granted, with costs to the appellant to abide the event, on the ground that the verdict is inadequate. All concur. (The order denies plaintiff's motion to set aside the verdict of a jury and for a new trial in an automobile negligence action.) Present — Sears, P. J., Lewis, Cunningham, Taylor and Dowling, JJ.

Bert Nowek, Respondent, v. Greenway Brewery Co., Inc., and Others, Appellants.— Order modified, and, as modified, affirmed, without costs of this appeal to either party. Memorandum: The modifications bring the order for examination within the allegations of the complaint. All concur. (The portion of the order appealed from grants plaintiff's motion for an examination of defendants before trial in an action on a contract.) Present — Sears, P. J., Lewis, Cunningham, Taylor and Dowling, JJ.